UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| OCTAVE MUSIC LICENSING, LLC d/b/a OCTAVE MUSIC PUBL CORP., WB MUSIC CORP., and UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> CLUB ARCADA, INC. and RONALD ONESTI, <br><br> Defendants. | Civil Action No. 1:19-cv-07071 |

## COMPLAINT

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant Club Arcada, Inc. ("CAI") is a corporation organized under the laws of the state of Illinois with offices at 105 E. Main Street, Saint Charles, Illinois 60174.

6. At all times hereinafter mentioned, CAI did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Club Arcada (the "Establishment"), located at 105 E. Main Street, Saint Charles, Illinois 60174.

7. Musical compositions were and are publicly performed at the Establishment.

8. On information and belief, defendant Ronald Onesti ("Onesti" and, together with CAI, the "Defendants") is an individual who resides and/or does business in this District.

9. At all times hereinafter mentioned, Onesti was, and still is an owner, officer, director, and/or manager of CAI.

10. At all times hereinafter mentioned, Onesti was, and still is, responsible for the control, management, operation and maintenance of the affairs of CAI.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at the Establishment, including the right and ability to supervise and control the public performance of musical compositions at the Establishment.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at the Establishment.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 700,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Since April 2017, ASCAP representatives have made more than forty (40) attempts to contact the Defendants, or Defendants' representatives, agents, or employees, to offer an ASCAP license for the Establishment. ASCAP has contacted and/or attempted to contact Defendants by phone, by mail, by e-mail, and in person.

16. Defendants have refused all of ASCAP's license offers for the Establishment.

17. ASCAP's various communications gave Defendant notice that unlicensed performances of ASCAP's members' musical compositions at the Establishment constitute infringement of ASCAP's members' copyrights in their musical works.

18. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

19. The original musical composition listed in the first cause of action was registered as an unpublished work and, since the date of registration, has been printed and published in strict conformity with Title 17 of the United States Code.

20. The original musical compositions listed in the second and third causes of action were published on the dates stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

21. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

22. Each composition is now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued a Certificate of Registration of the claim of the renewal of copyright in the name of that claimant listed in Column 7. The date and identification number of the renewal certificate are set forth in Column 8.

23. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at the Establishment, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances at the Establishment of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26. The many unauthorized performances at the Establishment include the performances of the three copyrighted musical compositions upon which this action is based.

27. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

28. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at the Establishment, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

For such other and further relief as may be just and equitable.

Dated:     Chicago, Illinois     TOTTIS LAW
October 28, 2019

   /s/ Monica L/ Thompson
Monica L. Thompson, Esq.
mthompson@tottislaw.com
Kevin Tottis
ktottis@tottislaw.com
Keith M. Stolte
kstolte@tottislaw.com
One East Wacker Drive
Suite 1205
Chicago, IL 60601
Tel:     (312) 527-1400
Fax:     (312) 589-7192

*Attorneys for Plaintiffs*

## SCHEDULE A

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication or Registration | Certificate of Registration Number | Renewal | Renewal Certificate Date and Number | Date of Known Infringement |
| 1. | OCTAVE MUSIC LICENSING, LLC d/b/a OCTAVE MUSIC PUBLISHING CORP. | MISTY | Erroll Garner<br><br>Johnny Burke | September 2, 1954 (Registered as unpublished) | EU 369532 | Martha Glaser (Executor of the composed Enroll Garner)<br><br>Theodore Present (Executor of the composed Enroll Garner) | March 3, 1982<br>RE 123-364 | March 17, 2019 |
| 2. | WB MUSIC CORP. | YOU MAKE ME FEEL SO YOUNG | Josef Myrow<br><br>Mack Gordon | June 14, 1946 | E Pub. 7165 | 20th Century Music Corp. (Proprietor of copyright of work made for hire, Mack Gordon and Josef Myrow) | December 10, 1973<br>R 565381 | March 17, 2019 |
| 3. | UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC. | WAY YOU LOOK TONIGHT, THE | Dorothy Fields<br><br>Jerome Kern | July 24, 1936 | E Pub 56722 | Dorothy Fields<br><br>Elizabeth K. Cummings (child of deceased author of music Jerome Kern) | July 24, 1963<br>R 319447 | March 17, 2019 |